UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD G. TURAY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BRENDA POWERS,<br><br>　　　　　　Defendant. | No. C15-5857 RBL-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: May 20, 2016** |

Plaintiff Richard Turay, a civilly committed resident of the Special Commitment Center (SCC) on McNeil Island, filed this suit in the Pierce County Superior Court in November 2015 against Defendant Brenda Powers.  Mr. Turay alleges that Defendant Powers violated his First Amendment right to be free of retaliation, deprived him of substantive and procedural due process rights, and committed the state law tort of outrage.  Defendant Powers removed the case to this Court on November 24, 2015.  Dkt. 1.  On January 22, 2016, plaintiff was granted *in forma pauperis* status and his complaint was served.  Dkt. 10 and 11.  Defendant Powers has not filed an answer to the complaint.

On March 22, 2016, Defendant Powers filed a motion to dismiss based on the ground that Mr. Turay has failed to state a claim upon which relief may be granted.  Dkt. 13.  On March 29, 2016, Mr. Turay filed his response and joined in defendant's motion to dismiss "the action at this time." Dkt. 14.  Mr. Turay states that he "believes in this action there is stated a claim for relief" but that he was assisted in preparing the complaint by another resident, "whom apparently lacked

REPORT AND RECOMMENDATION - 1

sufficient knowledge of procedural rules to correctly state a claim for relief in this action." *Id.*, at 3. Mr. Turay states that the motion to dismiss should be "adopted on the basis Plaintiff Turay failed to state a claim for relief in the pleadings at this time. All other basis [sic] stated in the 12(b) motions should be denied, as Plaintiff has joined the failure to state a claim basis of this pleading filed by defense." *Id.* Defendant Powers requests that the case be dismissed on the merits in its entirety, with prejudice. Dkt. 15.

Because a party is free to voluntarily dismiss his action prior to service by the defendant of an answer or motion for summary judgment under Fed. R. Civ. P. 4(a)(1), the Court recommends dismissing this action without prejudice and without costs.

**DISCUSSION**

Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir.1995) (*citing Hamilton v. Shearson–Lehman American Express*, 813 F.2d 1532, 1534 (9th Cir.1987)). The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. *Id.*; *Pedrina v. Chun*, 987 F.2d 608, 609–10 (9th Cir.1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. *Concha*, 62 F.3d at 1506.

Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. *Id.* (*citing McKenzie v. Davenport–Harris Funeral Home*, 834 F.2d 930, 934–35 (11th Cir.1987)). Such a dismissal leaves the parties as though no action had been brought. *Id.*

REPORT AND RECOMMENDATION - 2

Even after defendants have filed a motion to dismiss, a "plaintiff is free to file a proper notice of dismissal pursuant to Rule 41(a)(1)" and "[d]efendants continue to enjoy the protection of that rule, too, in that they may prevent unilateral dismissal by serving plaintiff with an answer." *Swedberg v. Marotzke,* 339 F.3d 1139, 1146 (9th Cir. 2003).

The Court interprets Mr. Turay's joinder as a motion to voluntarily withdraw his complaint because he failed to state "a claim for relief in the pleadings at this time." *See* Dkt. 14, at 3. Because Defendant Powers has not yet filed an answer or a motion for summary judgment, Mr. Turay could have filed a notice of dismissal under Rule 41(a)(1) and he would have been entitled to dismissal without prejudice without court order.

## CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant Power's motion to dismiss be **DENIED** and that plaintiff's complaint be dismissed without prejudice pursuant to Rule 41(a)(1). Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 20, 2016,** as noted in the caption.

**DATED** this 5th day of May, 2016.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3